IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| Tracey Rose | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 06-4141-CVC-SOW |
| | ) |
| Riley Wooten, individually and in his | ) |
| official capacity as Chief Deputy Sheriff of | ) |
| Pulaski County | ) |
| Serve: 17075 South Leaf Drive | ) |
| St. Roberts, MO 65584 | ) |
| | ) JURY TRIAL DEMANDED |
| and | ) |
| | ) |
| The County of Pulaski, Sheriff J.B. King, | ) |
| Sheriff of Pulaski County | ) |
| Serve: Doug Harpool | ) |
| 1845 S. National Avenue | ) |
| Springfield, MO 65808-4288 | ) |
| | ) |
| and | ) |
| | ) |
| Laura Kriebs, Prosecuting Attorney of | ) |
| Pulaski County | ) |
| Serve: Doug Harpool | ) |
| 1845 S. National Avenue | ) |
| Springfield, MO 65808-4288 | ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

COMES NOW the Plaintiff, by and through her undersigned attorneys, and for her cause of action against the Defendants states as follows:

## **PARTIES**

1. Plaintiff Tracey Rose is a resident of the State of Missouri, residing in California, Moniteau County, Missouri. She has the capacity to sue.

2. Defendant Riley Wooten was at all times pertinent herein the Chief Deputy Sheriff of Pulaski County and all allegations against Wooten are allegations against him acting in his individual capacity as well as the Chief Deputy and as an employee and representative of the Defendant Sheriff and Defendant Pulaski County. At all times relevant he was an employee of the Defendant County of Pulaski and the Defendant Sheriff.

3. Defendant Pulaski County is a political subdivision of the State of Missouri and was at all times pertinent herein Plaintiff's employer and the employer of the Defendant Wooten. Defendant Riley Wooten (hereafter "Wooten") is a resident of the State of Missouri. He has the capacity to be sued.

4. Defendant Sheriff J.B. King was the Sheriff of Pulaski County, at all times pertinent herein and the employer of Defendant Wooten who was his Chief Deputy.

5. Defendant Laura Kriebs was at all times pertinent herein the Prosecuting Attorney of Pulaski County and the direct employer of the Plaintiff.

**JURISDICTION AND VENUE**

6. Plaintiff brings her causes of action against Defendants under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et. seq., as well as the supplemental claims against Defendant Riley Wooten for assault under Missouri Common Law and against all Defendants under the Missouri Human Rights Act, Chapter 213. Jurisdiction for Plaintiff's claims arising under 42 U.S.C. § 2000 *et seq.* and under 42 U.S.C. § 1981

arise under 28 U.S.C., § 1331. More specifically, this action involves a federal question. Jurisdiction for Plaintiff's claims under Chapter 213 RSMo. arises under 28 U.S.C. 1367(a). More specifically, this Court has supplemental jurisdiction over state law claims.

7. Defendants Pulaski and Defendant Kriebs as the Pulaski County Prosecuting Attorney were the employers of Plaintiff pursuant to the Missouri Human Rights Act, Chapter 213 R.S.Mo. and pursuant to Title VI of the Civil Rights Act of 1964. Defendant Wooten at all times relevant was the employee and agent of Defendant Pulaski and Defendant Sheriff J.B. King. Defendant Sheriff J.B. King was the employer of Defendant Wooten and as such Defendant Wooten was an agent of the Defendant Pulaski County and the Defendant Sheriff J.B. King.

8. Plaintiff filed her Complaint of Discrimination with the Missouri Commission on Human Rights on September 26, 2005. Plaintiff filed her Complaint of Discrimination with the Equal Employment Opportunity Commission on October 17, 2005.

9. Plaintiff received her Right to Sue Letter from the Missouri Commission on Human Rights on May 15, 2006. Plaintiff received her Right to Sue Letter from the EEOC on April 12, 2006.

10. Venue is proper in this Court pursuant to 42 U.S.C. § 2003-5 and 28 U.S.C. § 1391(b) in that Defendant Pulaski maintains its principal office in this judicial district, and in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

11. Defendant Pulaski is located in Waynesville, Pulaski County, Missouri.

12. Plaintiff was employed by Defendant Pulaski as a legal secretary from January to July of 2005. She was promoted in July to Victim's Advocate and worked in the Pulaski County Prosecuting Attorney's Office.

13. Defendant Riley Wooten (hereafter "Wooten") was, at all times relevant to this action, employed by Defendant Pulaski as Chief Deputy of Pulaski County.

14. Beginning in February of 2005, Defendants Pulaski and Defendant Sheriff J.B. King of Pulaski County, through its agent and employee Wooten began engaging in acts of sexual harassment and retaliation aimed at the Plaintiff as more specifically described below. Such Defendants, along with Defendant Kriebs later, after such acts of discrimination, retaliated against the Plaintiff including discharging her.

15. Part of Plaintiff's job with the Defendant County of Pulaski and the Defendant Prosecuting Attorney Kriebs required her to visit the Sheriff's Department to complete daily tasks.

16. Beginning in March of 2005 Defendant Wooten began subjecting Plaintiff to numerous sexually oriented comments that were unwelcome and offensive and which a reasonable person would find unwelcome and offensive. These incidents include, but are not limited to:

    a. Defendant Wooten made many inappropriate sexual comments to Plaintiff:

      i.        "Hey sexy legs"

     ii.       "Great legs"

    iii.       "What are you wearing underneath that?"

    iv.       "Did you wear that for me?"

     v.       Announced to Plaintiff that his penis was pierced and asked if she would like to see it.

    vi.       Asked if she was "Still his girl"

   vii.       Asked her to go away with him to his home in Honduras

  viii.       Made reference to a "threesome" including herself, the Defendant and Sgt. Glass

17. Beginning in March 2005 Wooten began subjecting Plaintiff Rose to inappropriate touching and fondling that a reasonable person would find unwelcome and offensive. These incidents include, but are not limited to:

a. Defendant Wooten touched Plaintiff inappropriately: '

      i.       Running his hands through Rose's hair

     ii.       Invading Rose's personal space to whisper in her ear

    iii.       Hugging Rose from behind, which allowed him to touch her breasts

    iv.       Putting his arm around Rose's waist

     v.       Rubbing his hand from Rose's waist to breast

    vi.       Holding Rose against his body

   vii.       Grinding his pelvis into Rose's backside

  viii.       Sandwiching Rose between him and Sgt. Glass while

making sexual comments

    ix.    Bear hugging Rose from behind, rubbing his arms over her breasts

    x.    Grabbing Rose by the face and pulling her within inches of his face

18. Defendant Wooten intentionally intimidated Rose in many different ways. Specifically:

    a.    Wooten is a large intimidating person and would glare at Rose whenever she was present after she reported his misconduct

    b.    Wooten warned Rose that she should "watch the company she keeps" referring to Deputy Williams and Jake Fisher

    c.    Wooten would comment that Rose "was his girl"

19. In April 2005 Defendant Wooten pushed Rose against Sgt. Glass and asked "Wouldn't it be fun if the three of us could do this?" while grinding his pelvis into her.

20. In May 2005 Wooten pulled Rose into his office, grabbed her by the head and pulled her close to his face. Wooten would not release her from his hold when she tried to back away.

21. Plaintiff Rose reported Wooten's behavior to her employer by informing Assistant Prosecutor Scott Stafford in May 2005. (The Prosecuting Attorney, Laura Kriebs, was on maternity leave at this time.) After such complaint to the Acting Prosecutor, Mr. Stafford, no action was taken by the Defendant Pulaski, the Sheriff's Office or anyone else in authority.

22. All of the acts of Defendant Wooten described above and herein, were taken while he was acting in his capacity as Chief Deputy Sheriff of Pulaski County. His acts were both done in an individual capacity, as well as in his capacity and function as a Pulaski County employee and an employee of the Pulaski County Sheriff's office. In his actions, Defendant Wooten used his office and its attendant powers in an unfair and unreasonable manner to force himself upon the Plaintiff and introducing force to the Plaintiff and utilizing his position of authority in performing the acts as described herein.

23. Plaintiff Rose reported Wooten's actions to Prosecutor Laura Kriebs when she returned from maternity leave in June 2005.

24. In July of 2005 Rose was promoted to the position of Victim's Advocate.

25. Prosecutor Laura Kriebs confronted Defendant Wooten in July 2005 and asked that he stop his behavior.

26. After Prosecutor Kriebs spoke with Defendant Wooten, Rose's workplace became very hostile to her.

27. Wooten was very unpleasant and retaliatory to Rose and told others to "watch out for her".

28. Rose was forced to try to schedule her visits to the Sheriff's Department when Wooten was not present. Plaintiff did this to avoid confrontation.

29. Rose was forced to seek alternative employment. She sought employment from the Jefferson City Police Department because of the ongoing harassment and hostile work environment that she was experiencing.

30. The Jefferson City Police Department called the Prosecutor's Office on or about August 8th or 9th, 2005 to verify Rose's employment there.

31. On or about August 10th, 2005, Prosecutor Kriebs informed Rose that they had received three complaints on August 9, 2005 regarding her failure to return phone calls; Rose had called in sick on August 9, 2005. Such claims by Kriebs were either false or pretextual.

32. Defendant Prosecutor Kriebs fired Rose on August 10, 2005 without any explanation or opportunity to respond or rectify the alleged complaints. No legitimate basis existed for such firing. Such firing was in retaliation for Plaintiff exercising her right to be free of sexual harassment and to file a complaint with her employer with regard to such conduct.

## COUNT I – SEXUAL HARRASSMENT
### (MHRA and TITLE VII of the 1964 Civil Rights Act – 42USC2000(e))
### DEFENDANT PULASKI COUNTY SHERIFF'S DEPARTMENT

33. Plaintiff hereby incorporates and realleges Paragraphs 1 through 33 of this Petition into this Count I as though fully set forth therein.

34. Plaintiff was subjected to numerous sexually oriented comments and jokes, was held against her will and was subjected to unwanted and unwelcomed physical touchings in her workplace.

35. The sexually oriented comments and jokes and physical touchings as alleged above were unwelcome and offensive and a reasonable person would find them unwelcome and offensive.

36. The sexually oriented comments and jokes and physical touchings as

alleged above were based on Plaintiff's sex.

37. At the time the sexually oriented comments and jokes and physical touchings alleged above occurred and as a result of such conduct, Plaintiff believed her work environment to be hostile or abusive.

38. Defendant knew or should have known of the sexually oriented comments and jokes and physical touchings alleged above.

39. Defendant failed to take prompt and appropriate corrective action to end the harassment.

40. As a direct and proximate result of the Defendant's actions and inactions alleged herein, Plaintiff has sustained and is reasonably certain to sustain in the future, irreparable harm in numerous respects, including, but not limited to, the following:

    a. Pecuniary and non pecuniary losses, including, but not limited to, lost wages and benefits, offensive touching, emotional pain, suffering, inconvenience, personal humiliation, loss of enjoyment of life, and potential loss of reputation;

    b. Significant mental anguish and nervousness;

    c. Embarrassment and loss of prestige among her co-workers; and

    d. Attorneys' fees and expenses in pursuing redress for the wrongs she has suffered at the hands of the Defendant.

41. Defendant acted with malice or with reckless indifference to Plaintiff's right not to be sexually harassed, thus making appropriate an award of punitive damages to punish the Defendant and to deter the Defendant and

others from like conduct.

WHEREFORE, Plaintiff prays that this Court enter judgment pursuant to the Missouri Human Rights Act, as well as Title VII of the Federal Civil Rights Act of 1964 (42USC2000(e)) and against Defendants Pulaski County, Defendant Sheriff J.B. King and Defendant Chief Deputy Wooten and enter an order:

a. Declaring all acts in violation of the Missouri Human Rights Act and Title VII;

b. Enjoining and permanently restraining Defendant from continuing violations of the Missouri Human Rights Act;

c. Directing Defendant Pulaski County Sheriff's Department to take such affirmative action as is necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

d. Defendant be required to compensate, reimburse, and make whole Plaintiff for the full value of all pecuniary and nonpecuniary damages Plaintiff has sustained in the past, and is reasonably certain to sustain in the future, including, but not limited to, any and all back pay and benefits, offensive touching, embarrassment, humiliation, loss of enjoyment of life, potential loss of reputation and all consequent damages.

e. Awarding Plaintiff punitive damages in such sum as will punish Defendant and deter the Defendant and other from like conduct;

f. Awarding Plaintiff the costs of this action, prejudgment interest

and reasonable attorneys' fees; and

g. That Plaintiff be granted a letter of apology from Defendant Pulaski County Sheriff's Department and for such further and other relief as the Court deems just and proper.

## COUNT II- ASSAULT AND BATTERY
### DEFENDANT RILEY WOOTEN AND DEFENDANT PULASKI COUNTY SHERIFF'S OFFICE

42. Plaintiff incorporates and realleges Paragraphs One through 42 of this Petition into this Count II as though fully set forth herein.

43. Defendant Wooten intentionally touched and fondled Plaintiff without her permission or consent.

44. Defendant Wooten thereby caused a contact with Plaintiff that was offensive to Plaintiff.

45. Such contact as alleged herein would be offensive to a reasonable person.

46. Defendant Wooten made numerous suggestive comments to Plaintiff indicating that he desired to have a sexual relationship with her.

47. Defendant Wooten thereby caused Plaintiff to be in apprehension of an offensive contact or bodily harm.

48. Such contact as alleged herein would be offensive to a reasonable person. As a result of the actions of Defendant Wooten as alleged herein, Plaintiff has suffered and will continue to suffer in the future, indignity, disgrace and humiliation.

49. The conduct of Defendant Wooten as alleged herein was outrageous

because of his motives and reckless indifference to the rights of others, making him subject to an award of punitive damages to punish the Defendant and to deter the Defendant and others from like conduct.

50. Such acts by Defendant Wooten were taken as and in his position as a Deputy Sheriff for Pulaski County. Defendant Pulaski knew or should have known of his acts and failed to stop Wooten from such discriminatory conduct and physical assault of the Plaintiff. As such, Defendant Pulaski and Defendant Sheriff are vicariously responsible for Wooten's acts.

WHEREFORE, Plaintiff prays that this Court enter a judgment in her favor and against Defendant Wooten and Defendant Pulaski and enter an order:

a. Awarding Plaintiff compensatory damages in such amount as to fairly and reasonably compensate for the damages she has suffered as a result of the conduct of the Defendants as alleged herein;

b. Awarding Plaintiff punitive damages in such sum as is appropriate to punish Defendant Wooten and to deter Defendant Wooten and others from like conduct in the future;

c. Awarding Plaintiff the costs of this action, prejudgment interest and reasonable attorneys' fees; and

d. Such further and other relief as the Court deems just and proper.

## COUNT III- RETALIATION

## DEFENDANT PULASKI COUNTY and DEFENDANT KRIEBS AS PULASKI COUNTY PROSECUTING ATTORNEY

51. Plaintiff incorporates and realleges Paragraphs One through 51 of this Petition into this Count III as though fully set forth herein

52. Defendant Wooten's actions created a very hostile work environment for Plaintiff Rose.

53. Since Plaintiff Rose reported the sexual harassment, Plaintiff suffered retaliation from Defendant Chief Deputy Wooten and her direct employer Defendant Kriebs as the Prosecuting Attorney and Plaintiff was specifically retaliated against in the following ways:

    a. Defendant Wooten became very nasty and gruff in his behavior toward Plaintiff Rose;

    b. Defendant Wooten told Sergeant Bob Glass to "watch out for her" as Plaintiff Rose would get him into trouble; Wooten tried to undermine Plaintiff in her workplace.

54. Plaintiff Rose was forced to seek alternative employment with the Jefferson City Police Department because of the ongoing harassment and hostile work environment she was experiencing.

    a. Plaintiff Rose was fired from her position at the Pulaski County Prosecutor's Office on August 10, 2005 by Defendant Prosecutor Laura Kriebs;

55. The reason Kriebs gave Rose for her termination was alleged unreturned phone calls on August 9, 2005. Rose had called in sick to work on August

9, 2005 and was not present at work;

56. Plaintiff Rose was never reprimanded or counseled about performance at work;

   a. Plaintiff Rose was not given any opportunity to respond or rectify the alleged complaints regarding the phone calls and was not given any details regarding the phone calls;

57. Plaintiff Rose was terminated by Defendant Kriebs purely in retaliation for Plaintiff's reporting the sexual harassment she suffered by the Defendant Chief Deputy Wooten while he was working for the Pulaski County Sheriff's Department and Plaintiff was employed by the Defendant Kriebs as Prosecuting Attorney.

WHEREFORE, Plaintiff prays for judgment under Count III in her favor and against theDefendant Pulaski County, Defendant Wooten and Defendant Kriebs and requests the following relief:

   a. Declaration of the acts of Defendant, as described herein in violation of Title VII and the MHRA Chapter 213;

   b. An injunction issued against Defendant ordering Defendant to cease in engaging in illegal and discriminatory employment actions;

   c. Compensation for lost income and benefits due as a result of her termination;

   d. Compensation for emotional damages;

   e. Defendants pay Plaintiff's attorneys' fees and litigation costs;

f. Defendants issue a letter of apology to Plaintiff apologizing for Defendants' discriminatory and illegal employment practices;

g. As Defendant's conduct is outrageous, evil and evinces a conscious disregard and reckless indifference for the rights of others, that Defendant be ordered to pay punitive damages of an amount such that it will deter similarly situated employers from engaging in like conduct.

Respectfully Submitted,

**ROGER G. BROWN AND ASSOCIATES**

By: /s/ Roger G. Brown
Roger G. Brown (#29055)
216 East McCarty Street
Jefferson City, Missouri 65101-2960
Telephone - (573) 634-8501
Telecopy - (573) 634-7679
jclaw@rogerbrownlaw.com