IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

TRACY ROSE,                          )
                                     )
            Plaintiff,               )
                                     )
      v.                             )    No. 06-4141-CV-C-WAK
                                     )
RILEY WOOTEN, et al.,                )
                                     )
            Defendants.              )

## ORDER

On October 17, 2006, defendants Laura Kriebs, Sheriff King and Riley Wooten moved, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), for dismissal of Counts I, II and III of plaintiff's first amended complaint. Defendants assert there is no individual liability under Title VII or the MHRA and plaintiff has not plead a constitutional violation.

First, defendants seek dismissal of the claims against them brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. Defendants seek dismissal because they are not employers against whom liability can be imposed. Plaintiff responded in opposition to dismissal, but did not specifically address the Title VII issue. Case law supports dismissal of the Title VII claim against the individual defendants because they are not employers within the meaning of the statute, and supervisors may not be held individually liable under Title VII. See Spencer v. Ripley County State Bank, 123 F.3d 690 (8th Cir. 1997).

Defendants next seek dismissal of the claims against them brought under the Missouri Human Rights Act (MHRA), Mo. Ann. Stat. § 213 (West 2004). Defendants assert the Act does not impose liability on individual employees. See Lenhardt v. Basic Institute of Technology, 55 F.3d 377, 381 (8th Cir. 1995).

In response, plaintiff cites a recent Missouri appellate case holding that individual employees may be sued under the MHRA. In Cooper v. Albacore Holdings, Inc., 2006 WL 2472650 (Mo. App. E.D. 2006), the court held that the plain and unambiguous language within

the definition of "employer" under the MHRA includes individuals in the event of discriminatory conduct and that the chief executive officer could be found individually liable.

Federal cases in this district have also called into question the continuing validity of Lenhardt, and have permitted claims to proceed against individual employees. See Wesley v. OCE Business Services, Inc., 2005 WL 998624 (W.D. Mo. 2005); Shortey v. U.S. Bank, et. al, No. 03-0530-CV-W-SWH (W.D. Mo. Dec. 5, 2003); Garrett v. Ball Metal Beverage Container Corp., No. 05-0068-CV-W-ODS (W.D. Mo. Feb. 24, 2005). After considering the well-reasoned opinion of United States District Judge Scott O. Wright in Wesley, citing the opinion by United States Magistrate Judge Sarah W. Hayes in Shortey, the court is persuaded that there is a reasonable basis to predict the Missouri Supreme Court might impose liability on individuals under the MHRA based upon the statutory definition of "employer." This position is strengthened by the decision in Cooper. Accordingly, defendants' motion on that ground is denied.

Finally, defendants assert plaintiff's claims against them should be dismissed for failure to state a constitutional violation under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must assert a deprivation of a federal right caused by a person acting under color of state or territorial law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). Here, plaintiff claims she was denied equal protection of the law by state actors.

On October 17, 2006, defendants Pulaski County Sheriff's Office and Pulaski County Prosecutor's Office also filed a motion to dismiss. These defendants assert they are not legal entities capable of being sued under 42 U.S.C. § 1983, and that the proper party is Pulaski County.[1] Plaintiff responded in opposition to dismissal, but has cited the court to no statutory authority or case law indicating that the Sheriff's Office and Prosecutor's Office are legal entities.

At least one Missouri appellate court has held that sheriffs' departments are not legal entities capable of being sued. See White v. Camden County Sheriff's Dep't, 106 S.W. 3d 626,

---

[1] Pulaski County is a named defendant in this case. The court also notes that the individuals who held the offices of Prosecuting Attorney and Sheriff have been named separately as defendants in their individual and official capacities.

630-31 (Mo. App. 2003). Likewise, although the appellate court did not reach the merits of the issue on appeal, the circuit court in Williams v. Greene County Sheriff's Dep't, 94 S.W. 3d 450, 452 (Mo. App. 2003), dismissed the case, at least in part, on the basis that the sheriff's department was not a legal entity separate from the county, and thus, lacked the capacity to be sued. This reasoning was also followed in Catlett v. Jefferson County, 299 F. Supp. 2d 967 (E.D. Mo. 2004).

In the absence of statutory authority indicating the sheriff's office and prosecutor's office are legal entities separate from the county and subject to suit, defendants' motion is granted.

Accordingly, it is

ORDERED that plaintiff's Title VII claims in Count III against defendants Laura Kriebs, Sheriff King and Riley Wooten are dismissed. It is further

ORDERED that defendants' motion to dismiss the MHRA claims in Count III and the section 1983 claims in Counts I and II against defendants Laura Kriebs, Sheriff King and Riley Wooten is denied. [29] It is further

ORDERED that the motion of defendants Pulaski County Sheriff's Office and Pulaski County Prosecutor's Office to dismiss the claims against them is granted. [31]

Dated this 5th day of December, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge